TP:glz 06-1718 04.18.2013 12:09:22

In the United States District Court for the
Northern District of Illinois, Eastern Division

| | |
|---|---|
| Blythe Holdings, Inc., a foreign corporation and Chicago 100, Inc., an Illinois corporation,<br><br>                              Plaintiffs,<br><br>v.<br><br>Flawless Financial Corporation, an Illinois corporation, *et al.*<br><br>                              Defendants. | No.: 06 CV 5262<br><br>Judge Dow |

<u>Plaintiffs' Renewed Motion to Enter Judgment Against Tracy Williams and the
Flawless Entities Pursuant to Plaintiffs' Pending Motion for Judgment
[Docket No. 329] Which is Currently Under Advisement</u>

Plaintiffs move this court as follows:

1.      On Thursday April 18, 2013 the court granted plaintiffs' motion [Docket No. 341] to lift the stay order that it had entered February 15, 2013 following the discovery of Tracy Williams' bankruptcy filing in 2010.  The same motion asked the court to enter the judgment pursuant to the pending motion for judgment that has been under advisement.  [Docket No. 329]

2.      In the course of considering the plaintiffs' motion, there was discussion in open court about the notice of the motion and Ms William's and the Flawless defendants' attorney Mr. Gordon and the motion for judgment.  The court asked plaintiff's counsel to file a certification that a copy of the motion had been mailed to defendant Tracy Williams.  Her attorney Mr. Gordon had been served via the ECF system.

3.      While in court on April 18, 2013 it was determined by the court's deputy that Mr. Gordon never filed an appearance in this case for Williams and Flawless.  Upon returning to his office Mr. Petkus inquired and learned that the ECF system did not serve Mr. Gordon which

1

under usual circumstances might explain why he never appeared in connection for the motion for judgment.

4.  Mr. Petkus also learned on April 18, 2003 that Mr. Gordon died in the fall of 2011, long before this series of motions had been initiated. Gordon had prepared and presented the motion to vacate the default against Ms Williams and Flawless [Docket 262] in 2010 but apparently never filed an appearance. Petkus did not know that the ECF notice to Gordon was never sent since he had never filed an appearance.

5.  Plaintiffs' filed their motion for judgment against Flawless Financial Corporation, Flawless Financial Mortgage Corporation and Tracy Williams (collectively, "Flawless") [Docket No. 329] in November of 2012. The court took the motion under advisement and its status remains under advisement.

6.  The court, plaintiffs and counsel are now aware that Tracy Williams had filed for bankruptcy protection in the U.S. Bankruptcy Court, Northern District of Illinois on June 10, 2010, Docket No. 10-25726. She filed her petition shortly after the court denied her motion (prepared and presented by Mr. Gordon) to vacate the default order [Docket No. 262] it had previously entered against Flawless. [Docket No. 220].

7.  The court entered an order on February 15, 2013 finding that the basis of the plaintiffs' pending motion for judgment was well founded, that the motion for judgment would remain under advisement and ordered the matter be set for status and report on the bankruptcy's impact on the pending motion for judgment. [Docket No. 340].

8.  Plaintiffs consulted and have retained bankruptcy counsel Joseph D. Frank of FrankGecker, a Chicago law firm that concentrates its practice in bankruptcy. Mr. Frank and his firm have investigated the filing and consulted with the U.S. Trustee of Williams' bankruptcy

estate, Mr. Gregg Szilagyi. Mr. Szilagyi has advised Mr. Frank that since the estate was closed there was no longer any stay order in effect and that the plaintiffs were free to pursue their motion for default judgment against Flawless.

9. Since the plaintiffs, counsel and the court were all unaware that Mr. Gordon died in 2011 until today, the plaintiff is reserving notice on Ms Williams and the Flawless entities of the pending motion for judgment. Plaintiffs will also submit the proposed judgment order and will similarly serve a copy on Ms Williams and the Flawless entities, a copy of which is attached hereto as exhibit 'A.'

11. Plaintiffs' request the court enter judgment based upon their pending motion [Docket No. 329] and for final judgment pursuant to F. R. Civ. P. 58 to terminate these proceedings.

Wherefore, plaintiffs ask the court to rule on their pending motion to enter a judgment of default against defendants Flawless Financial Corporation, Flawless Financial Mortgage Corporation and Tracy Williams [Docket No. 329] and for such other and further relief as the court determines is warranted.

April 18, 2013                                       Blythe Holdings, Inc. and
                                                     Chicago 100, Inc., plaintiffs

                                                     By:  s/ Tomas Petkus
                                                     One of their attorneys

Craig D. Tobin
Tomas Petkus
Tobin & Muñoz, L.L.C.
Attorneys for Plaintiffs
Three First National Plaza, #1950
Chicago, IL 60602-4298
Office (312) 641-1321
Facsimile (312) 641-5220
Email  ctobin@barristers.com
       tomaspetkus@barristers.com

\\m1\Clients\T&M\Blythe v. Williams\Motions\motion, default judgment, 3.doc

Exhibit 'A' – Proposed Judgment Order

TP 06-1718 04.18.2013 12:09:22

In the United States District Court for the
Northern District of Illinois, Eastern Division

Blythe Holdings, Inc., a foreign corporation and
Chicago 100, Inc., an Illinois corporation,

        Plaintiffs,

        v.

Flawless Financial Corporation, an Illinois corporation, *et al.*

        Defendants.

No.: 06 CV 5262

Judge Dow

### Judgment Order

This cause coming on to be heard on the plaintiffs' motion for entry of a judgment against Flawless Financial Corporation, Flawless Financial Mortgage Corporation and Tracy Williams the court finds:

    1.    On January 15, 2009 Flawless Financial Corporation, Flawless Financial Mortgage Corporation and Tracy Williams were found in default due to their failure to appear, to plead or to defend in this action. [Docket No. 220]

    2.    On November 6, 2009 Flawless Financial Corporation's, Flawless Financial Mortgage Corporation's and Tracy William's motion for relief from the order of default under F. R. Civ. P. 55(c) was denied. [Docket No. 262].

    3.    That plaintiff has sustained damages to its business in the principle amount $3,106,666.66 due to the violations of the R.I.CO. statute sections 18 U.S.C. 1962(c) and 18

U.S.C. 1962(d) by Flawless Financial Corporation, Flawless Financial Mortgage Corporation and Tracy Williams.

4. The injury to plaintiffs' business was a violation of 18 U.S.C. 1962(c) and (d) and thus plaintiff is entitled to treble damages pursuant to 18 U.S.C. 1984(c).

It should be and it is the judgment of the court hereby that judgment is entered in favor of Blythe Holdings, Inc. and Chicago 100, Inc. and against Flawless Financial Corporation, Flawless Financial Mortgage Corporation and Tracy Williams in the amount of $9,319,999.98 plus costs and attorneys to be determined by a separate petition for same.

April 18, 2013                                    ENTER:

                                                             _____
                                                             Judge Robert M. Dow

Craig D. Tobin
Tomas Petkus
Tobin & Muñoz, L.L.C.
Attorneys for Plaintiffs
Three First National Plaza, #1950
Chicago, IL 60602-4298
Office (312) 641-1321
Facsimile (312) 641-5220
Email   ctobin@barristers.com
        tomaspetkus@barristers.com

\\M1\clients\T&M\Blythe v. Williams\Motions\order, judgment.doc